# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO DEL TORO,<br><br>    Plaintiff,<br><br>  v.<br><br>ATLAS LOGISTICS, THE KROGER CO., AND FRYS FOOD STORES OF ARIZONA aka FRY'S,<br><br>    Defendants. | CASE NO. 1:12-CV-01535-AWI-BAM<br><br>ORDER DENYING DEFENDANT ATLAS LOGISTICS GROUP RETAIL SERVICES (PHOENIX) LLC'S MOTION TO DISMISS FOR IMPROPER VENUE AND GRANTING MOTION TO TRANSFER<br>[Document No. 9] |

## I. INTRODUCTION

Defendant, Atlas Logistics Group Retail Services (Phoenix), LLC (hereinafter referred to as "Atlas") has filed a motion to dismiss the case of the Plaintiff, Julio Del Toro (hereinafter referred to as "Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(3), or in the alternative, to transfer the action to the United States District Court for the District of Arizona under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).  For the reasons discussed below, the motion to dismiss under Rules 12(b)(1) and 12(b)(3) shall be denied and the case transferred to the United States District Court for the District of Arizona under 28 U.S.C. § 1406(a).

## II. FACTS AND PROCEDURAL BACKGROUND

Plaintiff brings this lawsuit against Atlas, The Kroger Co. (hereinafter referred to as "Kroger"), and Fry's Food Stores of Arizona (hereinafter referred to as "Fry's")(hereinafter all parties referred to as "Defendants").  Plaintiff alleges that on September 20, 2012, he was injured

1  in a forklift accident as a result of the Defendants' negligence, and suffered severe permanent
2  injuries, including the amputation of a foot.  Plaintiff, a resident of California at the time of the
3  alleged accident, as well as at the time of the filing of this action, was hired in June 2010 by
4  RoadLink Service, LLC (hereinafter referred to as "RoadLink") and assigned to work within
5  California.  In September 2010, Plaintiff was asked by RoadLink to provide temporary
6  employment services in Arizona.  Approximately two weeks later, the accident occurred while he
7  was working in that State.

8        The location of the Arizona facility where the alleged accident occurred was owned,
9  controlled, and maintained by Kroger, an Ohio corporation with its principal place of business in
10 the State of Ohio, and conducting business within the State of Arizona.  Atlas is a third-party
11 company who is responsible for providing services and maintenance for the operation of the
12 Arizona facility where the alleged accident occurred.  Atlas and Fry's are both Arizona
13 corporations with their principal places of business in Arizona.

14       On November 2, 2012, Defendant Atlas filed a motion to dismiss pursuant to Federal
15 Rules of Civil Procedure 12(b)(1) and/or 12(b)(3), or in the alternative, to transfer the action to
16 the United States District Court for the District of Arizona under 28 U.S.C. § 1404(a) or 28
17 U.S.C. § 1406(a).  Defendants Kroger and Fry's filed non-opposition.  Plaintiff opposes
18 dismissal under Rules 12(b)(1) and 12(b)(3), and requests the Court to transfer this matter if
19 venue is found to be improper.

### III. LEGAL STANDARD

21       Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss
22 based on lack of subject matter jurisdiction.  *See* Fed. R. Civ. Pro. 12(b)(1).  It is a fundamental
23 precept that federal courts are courts of limited jurisdiction.  Limits upon federal jurisdiction
24 must not be disregarded or evaded.  *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365,
25 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).  A Rule 12(b)(1) motion may be either facial, where
26 the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted

to look beyond the complaint. *Savage v. Glendale Union High School Dist. No. 205,* 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003). The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *In re Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Fed. R. Civ. P. 8(a)(1). The pleading must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities For A Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001). Since subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting federal jurisdiction. *See Watson v. Chessman,* 362 F.Supp.2d 1190, 1194 (S. D. Cal. 2005); *see also Tosco Corp.,* 236 F.3d at 499; *Century Southwest Cable Television, Inc. v. CIIF Assocs.,* 33 F.3d 1068, 1071 (9th Cir. 1994). "The jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570, 124 S.Ct. 1920, 158 L.Ed. 2d 866 (2004) (citing *Mollan v. Torrance,* 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)). This time-of-filing rule . . . measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing–whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal. *Grupo Dataflux* at 570-71.

      A defendant may raise a Rule 12(b)(3) motion to dismiss for improper venue in its first responsive pleading or by a separate pre-answer motion. Fed. R. Civ. P. 12(b)(3). Title 28 U.S.C. § 1391 is the general code section governing venue. "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the

same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C § 1391(b).

Once the defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979). When considering a Rule 12(b)(3) motion to dismiss, the pleadings need not be accepted as true, and the court "may consider facts outside the pleadings." *Richardson v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998). The trial court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138-39 (9th Cir. 2003). If the court determines that venue is improper, it may dismiss the case, or, if it is in the interest of justice, transfer it to any district in which it properly could have been brought. 28 U.S.C. § 1406(a). Even if the court determines that venue is proper, it may still transfer for the convenience of parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a). In either case, the decision to transfer rests in the discretion of the court. 28 U.S.C. § 1404(b); *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (holding that the trial court did not abuse its discretion under 28 U.S.C. § 1406(a) when it chose to dismiss, and not transfer, the action because of improper venue).

### IV. DISCUSSION

**A.** *Subject Matter Jurisdiction*

The court finds that it has jurisdiction over this case pursuant to 28 U.S.C. § 1332. Under 28 U.S.C. § 1332, a district court has jurisdiction where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Atlas contends that Plaintiff's action must be dismissed pursuant to Rule 12(b)(1) because it was filed in an improper venue. Mot. to Dismiss at 6. Atlas' basis is

that at the time of the accident Plaintiff was working in Arizona and was employed by an Arizona corporation. Mot. to Dismiss at 7. Thus, Plaintiff availed himself to the jurisdiction of Arizona, and as such, the State of Arizona has an interest in adjudicating this action. *Id.* However, this is not the rule for determining the citizenship of the parties under 28 U.S.C. § 1332. The United States Supreme Court has held that subject matter jurisdiction premised upon diversity of citizenship is based on the citizenship of the parties at the time of filing the action. *Grupo Dataflux* at 570-571.

      The citizenship of the Defendants is not at issue. At the time of the filing of Plaintiff's complaint, Defendants Atlas and Fry's were incorporated in the State of Arizona, with their principal places of business there also. Kroger was incorporated in the State of Ohio, with its principal place of business in Ohio, and conducting business within the State of Arizona. Plaintiff was, and still is, a citizen of California. Plaintiff currently resides in Stanislaus County in the State of California, and aside from the emergency treatment he received immediately after the accident, the majority of Plaintiff's medical treatment and physical therapy has been received in California. Mot. in Opp'n at 5. In addition, Plaintiff also currently has a pending Worker's Compensation Claim against his former employer RoadLink within San Joaquin County in the State of California. Lastly, plaintiff is seeking one-hundred sixty thousand dollars in damages, which is more than enough to meet the amount in controversy requirement of 28 U.S.C. § 1331. Based on the foregoing, Plaintiff has met his burden of establishing subject matter jurisdiction.

**B.** *Venue*

### 1. *Residency*

Venue does not lie in this district under 28 U.S.C. § 1391(b)(1) because none of the three named Defendants resides in California. For the purposes of the general venue statute, corporations, if a defendant, are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action commenced. 28 U.S.C. § 1391(c)(2).

      It is undisputed by any of the parties that Defendants Atlas and Fry's are both Arizona

corporations with their principle places of business in Arizona, or that Kroger is an Ohio corporation with its principal place of business in Ohio, and conducting business within Arizona. In Plaintiff's opposition to the Rule 12(b)(3) motion, Plaintiff contends Atlas "availed itself to personal jurisdiction" in California. Mem. in Opp'n at 4. Plaintiff does not expressly argue either general or specific jurisdiction. Instead, he simply asserts that Atlas should be deemed to reside in this State because Atlas reached across state lines to contract employment services from Plaintiff's employer, RoadLink. Mem. in Opp'n at 4. Plaintiff then goes on to assert that all Defendants have sufficient minimum contacts within California so as to be subject to personal jurisdiction. Mot. in Opp'n at 5.

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Fireman's Fund Ins. Co. v. Nat. Bank of Coops.,* 103 F.3d 888, 893 (9th Cir. 1996); *see also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 243 F.Supp.2d 1073, 1082 (C.D. Cal. 2003) (citing *Aanestad v. Beech Aircraft Corp.,* 521 F.2d 1298, 1300 (9th Cir. 1974)). Because California authorizes jurisdiction to the full extent permitted by the Constitution, *see* Cal. Code Civ. Proc. § 410.10, the only question the court must ask in this case is whether the exercise of jurisdiction over defendants would be consistent with due process. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir. 2003); *Peterson v. Highland Music, Inc.,* 140 F.3d 1313, 1317 n. 2 (9th Cir. 1998).

The Fourteenth Amendment's Due Process Clause permits courts to exercise personal jurisdiction over any defendant who has sufficient "minimum contacts" with the forum that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). There are two recognized bases for exercising personal jurisdiction over a non-resident defendant: (1) "general jurisdiction," which arises where defendant's activities in the forum state are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all

matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum give rise to the claim in question. *See Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408, 414-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Doe v. Am. Nat'l Red Cross,* 112 F.3d 1048, 1050-51 (9th Cir. 1997).

### i. *Specific Personal Jurisdiction*

Plaintiff's first assertion, that "[i]n reaching across state lines to contract employment services from Plaintiff and other California residents, via Plaintiff's employer RoadLink, Atlas . . . availed itself to personal jurisdiction of this Court and should be deemed to reside within this state," Mot. in Opp'n at 4, appears to be premised on specific personal jurisdiction. However, the United States Supreme Court has made it clear that the formation of a contractual relationship with a resident is not, in itself, sufficient to create specific jurisdiction over a non-resident. *Burger King* at 478. The Ninth Circuit applies a three-prong test to determine whether a court may exercise specific jurisdiction over a defendant: "'(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.'" *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987)). Plaintiffs bear the burden of satisfying the first two prongs of this test. *Id.* If they do, "the burden then shifts to the defendant[s] to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476-78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

Plaintiff has failed to prove any basis for the Court asserting specific personal jurisdiction over Atlas. In regards to the first prong, to show purposeful availment, a plaintiff must show that

7

the defendant "engage[d] in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." *Gray & Co. v. Firstenberg Machinery Co.,* 913 F.2d 758, 760 (9th Cir. 1990). Plaintiff contends that Atlas is subject to personal jurisdiction because it contracted with RoadLink in California. However, the United State Supreme Court has held that this alone is not enough to create specific jurisdiction over a non-resident. *Burger King* at 478. The Court finds that Atlas did not engage in any affirmative conduct in California because Plaintiff was sent to Arizona by his employer RoadLink to provide temporary employment, and that Atlas has no direct contractual relationship with Roadlink, but only provides services for the operation and maintenance of the facility where the alleged accident occurred. Defendant's reply to Mot. in Opp'n at 3; *see also* Decl. of Levi Able ¶5(e) (filed December 3, 2012) (stating that RoadLink's contract was with Kroger). Plaintiff provides no further basis for this Court finding that Atlas has purposely availed itself of the laws and protections of California; therefore, Plaintiff has failed to meet his burden under the first prong.

Turning to the second prong, a lawsuit arises out of a defendant's contacts with the forum state if there is a direct nexus between the cause of action being asserted and the defendant's activities in the forum. *See Shute v. Carnival Cruise Lines,* 897 F.2d 377, 385 (9th Cir. 1990), rev'd on other grounds, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). This prong is also not met because it was determined under the first prong that Atlas did not conduct any activities or purposely avail itself of the laws and protections of California. Therefore, under the third prong, it would be unreasonable to exercise jurisdiction over Atlas.

Plaintiff premises specific personal jurisdiction based solely on the assertion that Atlas contracted employment services with RoadLink. Plaintiff provides no other support for his assertion of specific personal jurisdiction over Atlas. As such, the Court finds that Plaintiff has failed to meet his burden in proving Atlas is subject to specific personal jurisdiction.

### ii. *General Personal Jurisdiction*

Plaintiff's second assertion, that all Defendants have sufficient minimum contacts so as to

be subject to personal jurisdiction in California, appears to be based on general personal jurisdiction. A court may assert general jurisdiction over a defendant if the defendant engages in "substantial" or "continuous and systematic" business activities, *Helicopteros,* 466 U.S. at 416 (citing *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 446-47, 72 S.Ct. 413, 96 L.Ed. 485 (1952)), that "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.* 223 F.3d 1082, 1087. Here, the Court cannot exercise general jurisdiction over the Defendants because their contacts do not qualify as substantial or continuous and systematic so as to approximate their physical presence in California. Other than a conclusory statement, Plaintiff provides no other facts in support of his assertion. However, all parties agree that Atlas and Fry's are Arizona corporations with their principal places of business in Arizona, and that Kroger is an Ohio corporation with its principal place of business in Ohio, and conducting business in California. Based on the foregoing, the Court finds Plaintiff has failed to show that any of the Defendants conducts business within California, so as to satisfy the requirements of general personal jurisdiction.

### 2. *Events or Omissions Giving Rise to the Claim*

Venue does not lie under 28 U.S.C. § 1391(b)(2) because all events or omissions giving rise to Plaintiff's claim occurred outside the Eastern District of California. The event and the omission of reasonable care alleged to have caused Plaintiff to suffer his alleged injuries, which includes the amputation of a foot, occurred while Plaintiff was providing temporary employment services in the State of Arizona. This further occurred on property owned, controlled, and maintained by Kroger in Arizona, and the forklift alleged to be part of the accident was also maintained by Atlas and Fry's, and was used in conjunction with the operation of the Arizona facility. There is also no other property that may be the subject of this action located in the Eastern District of California.

### 3. *Alternative Forum*

Lastly, venue does not lie under 28 U.S.C. § 1391(b)(3) because this action may be

brought in the District of Arizona, to which Defendant Atlas seeks transfer. Venue is proper in that forum because all three Defendants are subject to personal jurisdiction and therefore are deemed to reside there pursuant to 28 U.S.C. § 1391(c)(2). In conclusion, venue in this district is not proper under 28 U.S.C. § 1391(b).

**C.** *Transfer of Venue*

Because venue is improper, the Court must dismiss the action, or in the alternative, may transfer it if it would be in the interests of justice. 28 U.S.C. § 1406(a). Whether transfer is in the interest of justice is a decision that rests within the discretion of the Court. *King,* 963 F.2d at 1304. Here, transfer is appropriate because Plaintiff's complaint states a claim which, if proved, would appear to entitle Plaintiff to damages.

In addition, the Court may transfer this action to any district in which it properly could have been brought. 28 U.S.C. § 1406(a). Here, Plaintiff could have brought this action in the District of Arizona. Atlas and Fry's are both incorporated and their principal places of business are in Arizona. Kroger is incorporated in Ohio, with its principal place of business in Ohio, but conducts business in Arizona so as to have sufficient minimum contacts to come under the jurisdiction of Arizona. In addition, the alleged accident occurred in Arizona. Accordingly, this action will be transferred to the United States District Court for the District of Arizona.

## V. CONCLUSION AND ORDER

Based on the foregoing, venue is not proper in the Easter District of California. The Court, however, DENIES Defendant Atlas' motion to dismiss, because dismissal would not be in the interest of justice. Instead, the Court TRANSFERS this action to the District of Arizona pursuant to 28 U.S.C. § 1406(a).

<u>IT IS SO ORDERED.</u>

<u>Dated:     March 1, 2013    </u>                                    
                                                                SENIOR  DISTRICT  JUDGE

10